IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL W. JACKSON,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>SCOTT FRAKES,<br><br>　　　　　Respondent. | 8:20CV458<br><br><br>**MEMORANDUM AND ORDER** |

　　　　This matter is before the court on Respondent's Motion for Summary Judgment. (Filing 9.) Respondent contends that Petitioner Michael W. Jackson's ("Petitioner" or "Jackson") Petition for a Writ of Habeas Corpus (filing 1) should be dismissed for the following reasons: (1) regarding the challenge to the validity of the Colorado detainer, Petitioner should not have filed in this court and he has not properly exhausted all available state remedies; and (2) regarding Petitioner's challenge to the effect the detainer has on his current custody, it is both time-barred and without merit. (Filing 9; Filing 11.) Petitioner filed a brief in opposition to Respondent's Motion for Summary Judgment. (Filing 12.) Respondent filed a Notice of Submission indicating that he would not be filing a reply brief. (Filing 13.) This matter is fully submitted for disposition. After careful review, the Motion for Summary Judgment (filing 9) will be granted and the Petition will be dismissed without prejudice.

## I.　UNDISPUTED MATERIAL FACTS

　　　　The material undisputed facts are these:

　　　　1.　On January 28, 2019, Jackson pleaded guilty to Possession of a Deadly Weapon by a Prohibited Person in the District Court of Douglas County, Nebraska,

Case No. CR18-2751. (Filing 10-1 & Filing 10-2; *see also* https://www.nebraska.gov/justice/case.cgi.)

2. After accepting his plea, the state district court sentenced Jackson to 3 to 3 years' imprisonment. (Filing 10-2.)

3. Jackson is currently serving that sentence at the Omaha Correctional Center, with a projected release date of August 1, 2021. (*See* https://dcs-inmatesearch.ne.gov/Corrections/COR_input.html; Filing 1 at CM/ECF p. 1.)

4. On November 2, 2020, Jackson filed a habeas petition in this court under 28 U.S.C. § 2241, seeking relief from a detainer lodged against him by the State of Colorado. (Filing 1.) Jackson filed several attachments to his habeas petition. The first attachment is a Judgment of Conviction and Sentence from the Denver County District Court, Colorado, reflecting that Jackson pleaded guilty to motor vehicle theft on March 15, 2018 and was sentenced to probation on May 31, 2018, and that on April 25, 2019, Jackson's probation was revoked and he was sentenced to 18 months' imprisonment and one-year mandatory parole. (*Id.* at CM/ECF p. 10.) The Judgment states that the sentence runs concurrent to Jackson's sentence in Nebraska Case No. CR18-2751. (*Id.*) The second attachment is a letter from the Denver Sheriff's Department dated April 30, 2019 notifying the Nebraska Department of Correctional Services ("NDCS") of Jackson's Colorado sentence. (*Id.* at CM/ECF p. 11.) The third attachment is an Amended Detainer dated June 6, 2019 from the NDCS to the Denver Sheriff's Department, notifying the Denver Sheriff's Department that its request for a detainer had been filed against Jackson. (*Id.* at CM/ECF p. 12.) The detainer states that Jackson "is currently serving a term with a tentative release date of August 1, 2021"and that the Denver Sheriff's Department "will be notified 30 days prior to [Jackson's] release." (*Id.*)

## II. PETITIONER'S CLAIM

Summarized and condensed,[1] and as set forth in the court's prior progression order (filing 3), Jackson asserted the following due process claim that was potentially cognizable in this court: he is being unlawfully held or otherwise harmed by Nebraska's recognition of a Colorado detainer that is allegedly invalid.

## III. ANALYSIS

Although styled as a 28 U.S.C. § 2241 petition, the court construes Jackson's pleading as a 28 U.S.C. § 2254 petition. Jackson, a Nebraska state prisoner, is challenging a detainer lodged by the State of Colorado, specifically, the Denver Sheriff's Department, based on a conviction and judgment from a Colorado state court, and the detainer's effect on his custody in Nebraska.[2] Thus, Jackson is "a person in custody pursuant to the judgment of a State court" and 28 U.S.C. § 2254 is the appropriate vehicle for his claims. *See* 28 U.S.C. § 2254(a); *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001) (holding that a person in custody pursuant to a state-court judgment "can only obtain habeas relief through § 2254, no matter how his pleadings are styled"); *Thompson v. Missouri Bd. of Parole*, 929 F.2d 396, 398 (8th Cir. 1991) (a habeas corpus petition pursuant to 28 U.S.C. § 2254 is the proper

---

[1] Jackson did not object to the court's summary and condensation.

[2] Jackson "asserts that the detainer serves no legitimate State interest, because his Colorado sentence and parole expire before he will be finished with his Nebraska sentence." (Filing 12 at CM/ECF p. 1.) Jackson alleges that "the State of Colorado is abusing the use of this detainer, and that Nebraska is complicit in recognizing the detainer." (*Id.* at CM/ECF p. 2.) According to Jackson, "the detainer is preventing [him] from participating in the work release program, inhibiting his ability to transition back into the community, and serves no other legitimate purpose." (*Id.* at CM/ECF p. 3.) For relief, Jackson requests that the court "determine when his Colorado parole starts or started and whether or not a detainer is necessary," and, "[i]f upon determining that no retainer is required," he requests that the court "issue an Order that his detainer be removed and any other relief as the Court sees fit to Order." (Filing 1 at CM/ECF p. 7.)

vehicle for challenging a state detainer); *Bridges v. Bertsch*, No. 1:18-CV-219, 2019 WL 961981, at *2 (D.N.D. Feb. 27, 2019) (although petition incorrectly styled as § 2241, court construed it as a § 2254 petition); *see also Cook v. New York State Div. of Parole*, 321 F.3d 274, 277 (2d Cir. 2003) (fact that petitioner invoked § 2241 did not require district court to treat it as a § 2241 petition; if petition should have been brought as a § 2254 habeas petition, the court must treat it as a § 2254, not a § 2241, petition); *Esposito v. Mintz*, 726 F.2d 371, 373 (7th Cir. 1984) ("a habeas corpus petition challenging only the validity of a state detainer must be brought pursuant to 28 U.S.C. § 2254").

Nevertheless, the court cannot entertain Jackson's habeas petition because he has failed to exhaust his state remedies. *See Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489-90 (1973) (state prisoner must exhaust all available state remedies before filing habeas petition attacking out-of-state detainer); *Parette v. Lockhart*, 927 F.2d 366, 366-67 (8th Cir. 1991) (federal habeas relief is only available if the applicant has exhausted the remedies available to him in the state that issued the detainer); *Hamrick v. Patton*, No. CIV.A. 06-CV-098-HRW, 2006 WL 2092392, at *1 n.2 (E.D. Ky. July 26, 2006) ("A prisoner must apply to a state court for relief from a state detainer. . . . A federal court has no superintending function or control over a state court."); *Davis v. Henman*, No. 92-3236-RDR, 1994 WL 36348, at *1 (D. Kan. Jan. 21, 1994) (dismissing § 2241 habeas action by federal prisoner due to failure to exhaust state remedies—"[b]ecause a state's issuance of a detainer is, in effect, a custodial hold, a challenge to the validity of the detainer must necessarily be brought pursuant to 28 U.S.C. § 2254. . . . However, a United States District Court may not entertain a § 2254 action until the habeas petitioner has exhausted his state court remedies"); *see also Saccco v. Falke*, 649 F.2d 634, 635-36 (8th Cir. 1981) ("a petitioner seeking relief from state custody by means of a federal writ of habeas corpus is ordinarily required to exhaust his state remedies").

Jackson provides no information regarding any attempts he has made to raise his objections to the validity of the Colorado detainer to a Colorado state court. *See Parette*, 927 F.2d at 366-67 (the § 2254 habeas petition which challenged the validity

of a detainer filed by Louisiana with the Arkansas Department of Correction dismissed without prejudice because petitioner never presented his challenge to the Louisiana detainer to a Louisiana state court). In addition, the record is clear that Jackson has not met the exhaustion requirement in the Nebraska state courts regarding his claim that his due process rights are being violated in Nebraska state prison because of the Colorado detainer.³ *See Ball v. Swenson*, 335 F. Supp. 600,

---

³ To the extent Jackson challenges his Colorado detainer on the grounds that it makes him ineligible or adversely affects his qualification for work release or other institutional programs, habeas corpus relief is not appropriate when a prisoner challenges the conditions of his confinement. *See Preiser v. Rodriquez*, 411 U.S. 475, 499 (1973). A state prisoner challenging the conditions of his confinement must bring his claims pursuant to 42 U.S.C. § 1983. *Id.* To the extent Jackson contends that his Colorado detainer makes him ineligible for certain prison programs or opportunities which would shorten the length of his sentence, his claim would suffer on the merits. Courts have held that inmates do not have a protected liberty interest in a particular custody classification, work release, or to participate in educational or institutional programs. *See, e.g.*, *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) (determining that a prisoner does not have a constitutional right to be released prior to the expiration of a valid sentence; early release is much like parole, in that either possibility "provides no more than a mere hope that the benefit will be obtained"); *Moody v. Daggett*, 429 U.S. 78, 86-87, 88 n.9 (1976) (concluding that discretionary determinations regarding conditions of confinement such as custody classification do not create due process rights); *Meachum v. Fano*, 427 U.S. 215, 224 (1976) (no due process protections were required upon the discretionary transfer of state prisoners to a substantially less agreeable prison, even where that transfer visited a "grievous loss" upon the inmate); *Sanchez v. Hunt*, No. 5:16-HC-2160-FL, 2017 WL 2787986, at *3 (E.D.N.C. June 27, 2017) (inmates do not have a protected liberty interest in a particular custody classification, work release, or to participate in educational programs); *Green v. Bureau of Prisons*, No. CIV. 00-819 (JRT/JMM), 2002 WL 32619483, at *3 (D. Minn. Jan. 29, 2002) (possibility of early release is not a liberty interest); *Davis*, 1994 WL 36348, at *1 (a detainer which adversely affects a prisoner's classification or eligibility for programs does not activate such a right); *Paulino v. Connery*, 766 F. Supp. 209, 210-11 (S.D.N.Y. 1991) ("Although lodging a detainer against plaintiff while he is in custody may have the effect of prohibiting him from participating in a work release program, it does not violate his constitutional rights.").

602 (W.D. Mo. 1971) (petitioner should attempt to exhaust his state remedies in the state courts of Missouri before invoking federal habeas jurisdiction with respect to his claim that the state of Missouri should give no effect to any detainer based upon the challenged Kansas sentence).

Because Jackson has failed to exhaust state remedies, Respondent's Motion for Summary Judgment (filing 9) will be granted and Jackson's habeas petition (filing 1) will be dismissed without prejudice to Jackson's right to file a new 28 U.S.C. § 2254 habeas action in federal district court if he is able to exhaust his state court remedies. *See Whatley v. Morrison*, 947 F.2d 869, 870 (8th Cir. 1991) ("When a district court dismisses a habeas petition for petitioner's failure to exhaust state remedies, . . . the dismissal should be without prejudice." (citing *Feeney v. Auger*, 808 F.2d 1279 (8th Cir. 1986)).

### IV. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The court has applied the appropriate standard and determined that Jackson is not entitled to a certificate of appealability.

IT IS THERFORE ORDERED that:

1. Respondent's Motion for Summary Judgment (filing 9) is granted.

2. The Petition for Writ of Habeas Corpus (filing 1) is dismissed without prejudice.

3. No certificate of appealability has been or will be issued.

4.  Judgment will be issued by separate document.

Dated this 31st day of March, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge